Dwight, P. J.
The action was to recover damages for the alleged wrongful taking of a quantity of household goods. The defendant justified under a chattel mortgage executed to him by the plaintiff, which covered the goods in question. The question tried was whether any debt or obligation was due or owing from the plaintiff to the defendant, or any liability of the defendant for the plaintiff was outstanding, for the payment of which'the mortgage was given as security. The mortgage, dated April 16,1886, was, by its terms, given as security for the payment of a .note of fifty dollars, endorsed by the defendant for the plaintiff, and also-as continuing security, to the extent of $100 at any one time, for the payment of any other notes or obligations which should thereafter be due to the defendant or endorsed by him for the plaintiff. The fifty-dollar note, after being once renewed, was paid October 16, 1886. In the meantime, August 14, 1886, the plaintiff had given the defendant another note for $150, which was then outstanding, either in the hands of the defendant or endorsed by him, and was secured by another chattel mortgage on other property. It was for the collection of the last mentioned note, which had been several times renewed, that the property in question was seized by virtue of the first mentioned chattel mortgage, May 10, 1888.
The contention of the plaintiff is that the first mortgage was satisfied by the payment of the fifty dollar note, and was no longer security for any subsequent indebtedness or endorsement This contention, on the trial, seems to have been based upon what took place between the parties at the time the fifty dollar note was paid. The plaintiff’s testimony in that respect was as follows: “ On the 16th of October, 1886, I went up and paid Mr. Sheffer fifty-one dollars, and I said to him, ‘Will you discharge this mortgage?’ He says, ‘Why, all you want is this receipt,’ and. this receipt (in evidence) was made out at the time the note was paid.
“Q. Was there anything said by you at anjr time in reference to that mortgage ? A. No, sir; it was never mentioned; the fifty dollar mortgage.”
He subsequently testified that after he had commenced this action, the defendant, in speaking to him of his having done so, said: “You supposed this mortgage was discharged, but it was part of my cuteness that it was not.”
It is very plain that there was nothing in this evidence to warrant the jury in finding that there was an agreement, even, to dis *593 charge the mortgage, and if there had been it would have been ineffectual for want of consideration. There is no pretense that the plaintiff paid anything more than was actually due at the time on the fifty dollar note. And so the learned county judge held. He withheld entirely from the jury the question whether there was any such agreement at the time of the payment of the fifty dollar note, charging that the mortgage was not to be deemed satisfied or discharged by that payment, “ even though they should find that the parties said so at the time.” The question submitted to the jury was limited, by repeated and careful instructions, to what took place at the time the second note and mortgage was given, viz.: whether at that time it was agreed and understood between the parties that such mortgage should stand as security solely for the note which it accompanied. Undoubtedly if such an arrangement had been made at that time and as part of the transaction of which the giving of the new security was also a part, it would have been supported by a sufficient consideration, and the payment of the first note would have satisfied the first mortgage. But we are at a loss to see where the learned county judge found in the evidence, if correctly and fully presented in the record before us, any evidence to sustain such a theory of the case. There seems to us to be none.
The plaintiff’s own version of the transaction in reference to the $150 note and mortgage is as follows: “After I got acquainted with Mr. Sheffer I told him that Hirschfield & Farrar had a mortgage against me for $150, * * * and I said ‘ if you want to. carry this, you can go up and get this of Hirschfield & Farrar,’ and he did go and get it and took a copy of it, and that was the transaction in regard to this note of $150, and that was renewed every three months down to the last renewal.” And the undisputed evidence oh the part of the defendant is that after he obtained the note and mortgage from Hirschfield & Farrar, the plaintiff substituted for them a new note for the same amount, payable to the order of the defendant, and a new mortgage covering the same property as that embraced in the mortgage to Hirschfield & Farrar, which, as we have seen, was property distinct from that embraced in the first mortgage to the defendant.
We find in the case no evidence from which the jury was warranted in finding that any agreement or understanding existed between the plaintiff and defendant which had the effect to defeat the first mortgage as a continuing security, which it was by its terms, for any indebtedness or liability, to the extent of $100 at any one time, of the plaintiff to the defendant, incurred subsequent to the date of its execution.
The second note, to the extent of $100, was plainly included in the terms of the first mortgage, and the fact that other security was also taken for the note, does not, of itself, exclude it from the benefit of the security first given. Such being the case upon the evidence received on the trial under review, there was error in the refusal of the court to nonsuit the plaintiff, and in the denial of the defendant’s motion for a new trial.
*594 The judgment and order appealed from should be reversed, and a new trial granted.
Judgment and order reversed and a new trial granted, with costs to abide the event.
Macomber and Corlett, JJ., concur.